UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND THOMPKINS,<br><br>Petitioner,<br><br>v.<br><br>LUIS MARTINEZ, et al.,<br><br>Respondents. | No. 2:23-cv-00449-TLN-CKD<br><br>**ORDER** |

This matter is before the Court on *pro se* Petitioner Raymond Thompkins's ("Petitioner") Motion for Reconsideration of the Court's June 18, 2025 Order. (ECF No. 24.) No opposition has been filed. For the reasons set forth below, the Court DENIES Petitioner's motion.

On May 14, 2025, the magistrate judge issued findings and recommendations, recommending Petitioner's application for writ of habeas corpus (ECF No. 1) be denied. (ECF No. 21.) Petitioner did not file objections to the findings and recommendations. On June 18, 2025, this Court adopted the findings and recommendations in full and closed the case. (ECF No. 22.) On the same day, the Clerk of the Court entered Judgment. (ECF No. 23.) Petitioner now seeks reconsideration of the Court's June 18, 2025 Order. (ECF No. 24.)

1

1    The Court may grant reconsideration under either Federal Rule of Civil Procedure
2    ("Rule") 59(e) or 60(b).  *See Schroeder v. McDonald*, 55 F.3d 454, 458–59 (9th Cir. 1995).  A
3    motion to alter or amend a judgment under Rule 59(e) must be filed no later than 28 days after
4    the entry of judgment.  Fed. R. Civ. P. 59(e).  Therefore, a "motion for reconsideration" is
5    treated as a motion to alter or amend judgment under Rule 59(e) if it is filed within 28 days of
6    entry of judgment; otherwise, it is treated as a Rule 60(b) motion for relief from judgment or
7    order.  *Rishor v. Ferguson*, 822 F.3d 482, 490 (9th Cir. 2016); *see Am. Ironworks & Erectors,*
8    *Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001).  "Under Rule 59(e), a motion
9    for reconsideration should not be granted, absent highly unusual circumstances, unless the
10   district court is presented with newly discovered evidence, committed clear error, or if there is
11   an intervening change in the controlling law."  *389 Orange St. Partners v. Arnold*, 179 F.3d
12   656, 665 (9th Cir. 1999).  Here, Petitioner's motion was filed within 28 days of entry of
13   judgment and is therefore considered a motion to alter or amend judgment under Rule 59(e).

14   Petitioner asserts he timely mailed a motion for stay and abeyance on June 13, 2025,
15   which he contends was prior to the Court's deadline to file objections to the findings and
16   recommendations.  (ECF No. 24 at 1.)  Petitioner argues failure to consider his motion before
17   the Court entered judgment constitutes a denial of due process and as such, the dismissal should
18   be vacated.  (*Id.* at 2–3.)

19   As an initial matter, the Court has not received Petitioner's motion for stay and
20   abeyance.  As such, the Court cannot consider any arguments which Plaintiff may have raised in
21   that motion.  Second, the docket reflects Petitioner was served with the magistrate judge's
22   May 14, 2025 findings and recommendations on May 14, 2025.  Therefore, any objections to
23   the findings and recommendations were due on or before May 28, 2025.  To the extent
24   Petitioner raised any objections to the magistrate judge's May 14, 2025 findings and
25   recommendations in his motion for stay and abeyance, the objections were untimely.  Finally,
26   Petitioner does not provide any new evidence, point to clear error, or allege a change of
27   controlling law that would alter the Court's ruling.  *See 389 Orange St. Partners*, 179 F.3d at
28   665.

2

For the foregoing reasons, the Court finds Petitioner has not established sufficient grounds under Rule 59(e) to seek reconsideration of the Court's June 18, 2025 Order. Accordingly, Petitioner's motion for reconsideration is DENIED. (ECF No. 24.)

IT IS SO ORDERED.

Date: September 9, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE